The opinion of the Court was delivered by
Wardlaw, J.
This Court approves the Circuit decisions, which have been brought under review here.
The sale by Ingram, sheriff under a levy made four years before by Bacot, his predecessor in office, is sustained by the authority of the case of Gassoway vs. Hall, 3 Hill, 289.
The purchase by Bacot after the expiration of his term of office, from sheriff Ingram, of land sold under a levy which Bacot, when sheriff, had made, was not contrary to the letter or the reason of any statute which has been passed in this State to prevent a sheriff from buying directly, or indirectly, at his own sale. See Act of 1839; 11 Stat. 38, sec. 59; Act of 1823, 6 Stat. 213; Act of 1791, 7 Stat. 263, sec. 8.
The regular turning over of the execution by Bacot to his successor, and the regular sale by Ingram at a proper time and place, will, in the absence of proof-to the contrary, be presumed.
The declarations of Daniel Doyle, made during his possession and before controversy, were admissible to show the character of his possession, upon the question whether it was adverse. As to actual fraud, which has been imputed, the verdict *116 affords patent contradiction; but it is not unimportant to remark that tbe old executions against Daniel Doyle, which existed in 1826, may all, in the absence of any opposing evidence, be presumed to have been satisfied, before the plaintiff obtained her judgment against him in 1849; and that no execution against him between these old ones and the plaintiff’s was shown. Concerning the presumption of a conveyance from Coggeshall, or some person claiming under Coggeshall, to Daniel Doyle, which the lapse of twenty years, between the date of the conveyance to Coggeshall and - the time of its registration has been thought to raise, it may be remarked that the same want of adverse character in Daniel Doyle’s possession, which prevented his acquisition of a title by the statute of limitations, also rebutted presumptions of title in him. The plaintiff claims under him, and can have no rights superior to those he had.
The main- question in the case is that which relates to the registration of the deed of conveyance from sheriff Ingram to Coggeshall, and this question affects only a portion of the land sued for.
Bacot, sheriff, levied in 1822; under this levy Ingram sheriff sold to Coggeshall in 1826; and under this sale a sheriff’s title was executed and delivered to Coggeshall in 1829.
The plaintiff obtained her judgment in 1849; under it sheriff Huggins, after levy sold to the plaintiff Nov., 1829, and executed to her a sheriff’s title in Eeb., 1850. Between the sale to the plaintiff and the execution of the conveyance to her, to wit, December 17, 1849, the old conveyance to Coggeshall was registered. If that conveyance is valid, it shows a title out of the plaintiff, although subsequent conveyances under it have never been registered; and the plaintiff contends that, if all other objections to this old conveyance shall prove unavailing, the registry Acts will make it in *117 efficient against her, a subsequent innocent purchaser without notice.
The questions thus presented under these Acts are almost identical with those that were considered in the case of Steel vs. Mansell, 6 Rich. 437, which was decided in the Court' of Errors, and which we will suppose the readers of the remarks now to be subjoined have carefully examined. The distinctions between that case and this are, first, that there the older deed was registered within four years from its date, here after twenty years from its date: second, that there the registration of the older deed preceded the sheriff’s sale under which the junior deed was made, though it followed the judgment under which that sale was made; but here the registration of the older deed was subsequent to the sheriff’s sale, at which the plaintiff purchased, although it preceded the execution of the conveyance to her.
The first distinction we dismiss by simply suggesting, in addition to what has been before said about fraud and presumptions, the inquiry whether Daniel Doyle could, under the circumstances that existed, have resisted the deed to Coggeshall, as obsolete, fraudulent, or otherwise void. If he could not, that deed, even without registration, was valid against him and all the world, except such creditors and purchasers as are protected by the registry Acts; and when registered, was not afterwards liable to be defeated, for previous neglect of any prescribed time, by rights subsequently acquired by a purchaser.
The other distinction may seem at first to be more important. It is asked, shall a purchaser at a sheriff’s sale be defrauded by an old conveyance, of which he had no means of notice at the time of his purchase? And it is said, if the contract to buy had been made with a private individual, a defect of title subsequently discovered might have been urged against the completion of the contract; but under the rule of caveat emptor, applicable to sheriff’s sales, the purchaser at *118 sucb a sale is obliged to pay his bid, and should be saved from the unjust defeat of his expectations by matter supervening his contract.
It might be answered that where the purchaser at a sheriff’s sale is the plaintiff in execution to whom the proceeds of sale are payable, and the defendant in execution has contributed to the perpetuation of an actual fraud, by concealment of papers or other means, the purchaser would not be bound to give the defendant the benefit of the fraud by completing the bargain, which was made by his bid, (See Minter vs. Dent, 3 Rich. 207; Herbemont vs. Sharp, 2 McC. 264; Towles vs. Turner, 3 Hill, 182.) But here actual fraud has not been found, and the bargain of the purchaser having been completed she claims to have acquired a paramount title. By the sale, as it is called, she acquired no legal title, but only such equitable interest as exists under every contract to buy. The subsequent conveyance made to her by the sheriff would, if she had gone into possession before it, have shielded her from responsibility for mesne profits, by relation back to the sale: (Kingman vs. Glover, 3 Rich. 36.) for such would be the effect of any contract to buy, under which possession was held, where there was a right to claim immediate execution of the contract, and execution followed. But up to the very time when a conveyance is delivered by the sheriff to one who has purchased land at a sheriff’s sale, the title, which the defendant in execution had at the sale, remains in such defendant, the power to convey which the law vests in the sheriff being yet unexecuted. ( The Bank vs. S. C. Man. Co., 3 Strob. 192.) The registry Acts embrace deeds and conveyances, not parol contracts to buy, written or unwritten: and a sheriff’s conveyance is subject to the provisions of those Acts in like manner as a conveyance from a private individual. (Massey vs. Thompson, 2 N. & McC., 105.) If an honest conveyance, made by a debtor before judgment against him, should be registered at some time *119 within six months from its delivery, in vain would a subsequent purchaser oppose to it his rights as purchaser without notice, even although he had purchased at sheriff’s sale under a judgment obtained after its delivery, and the conveyance to him, as well as the sale, had preceded its registration. The registration in such case would, under the Act of 1785, relate back to the day of delivery, because it was made within the prescribed time. The registration of the old deed now in question, not having been made within the prescribed time, can have no relation back; but taking effect only at the time it was made, it then became notice, and gives to the deed priority over all conveyances subsequently made.
If the plaintiff had paid her bid, by giving a receipt to the sheriff or otherwise, and had taken the conveyance from him on the day of sale, she could not have been hurt by the registration within six months thereafter, of any conveyance not executed within the six months next preceding, provided the conveyance to herself had been duly registered within six months. To her own tardiness, rather than to the slowly exerted diligence of somebody claiming under the conveyance to Coggeshall, is to be ascribed the priority which that conveyance has obtained. The law contemplates the sale by the sheriff' the payment of the purchase money, and the conveyance to the purchaser as one continuous transaction: — interruption and delay cause embarrassment and irregularity, but they are so frequent that various special provisions have been made to meet them. This case, however, illustrates forcibly the danger to a purchaser which attends them. The same result might possibly have happened if the delay had been only for an hour: — so any subsequent conveyance might possibly be defeated by a prior one registered within six months from its execution and within an hour intervening between a search in the register’s office and the execution of the subsequent one: — or, in any case, where the order of *120 precedence is fixed in conformity with, the order of registration, a very short interval of time might be decisive of conflicting rights: but in every case the risk is increased in proportion as the time is extended. Here the plaintiff delayed only six weeks: but if that comparatively short interval between the sheriff’s sale and his conveyance shall be disregarded, and the plaintiff be protected against occurrences of the meantime, what shall be the limit of the like indulgence in other cases ? The legislature has allowed sheriffs, and their successors, for an indefinite time, to complete the contracts made at their sales. If we do not invariably look to the conveyance and that only as the transfer of title, without regard to the time of the contract, we' will in effect enact that the conveyance is only formal, and that all its important uses may be served before it is made. The motion is dismissed.
O’Neall, Withers, WhitNer, G-lover and MüNro, JJ., concurred.

Motion dismissed.